UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CATHLEEN TOMPKINS,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

Defendant.

CASE NO. C07-5268JKA

ORDER AFFIRMING ADMINISTRATIVE DECISION

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the administration’s final decision denying plaintiff's application for social security benefits. This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed, and after reviewing the record, the Court affirms the Social Security Administration’s decision denying plaintiff’s application for social security benefits.

Plaintiff contends the administrative decision is incorrect and argues for reversal or remand on the following basis: (i) the administrative law judge (ALJ) failed to consider all relevant and probative evidence; (ii) the ALJ erred when he failed to find that Plaintiff’s carpal tunnel syndrome, depression, and headaches are severe impairments, (iii) the ALJ failed to properly credit Plaintiff’s testimony, (iv) the ALJ failed to properly determine Plaintiff’s residual functional capacity; (v) the ALJ erred when he found Plaintiff could perform other jobs in the national economy, (vi) the ALJ’s decision is not based on substantial evidence, and (vii) the administration’s Appeals Council erred when it affirmed the ALJ’s decision despite new and material evidence.

The Court must uphold the administrations’s determination that plaintiff is not disabled if the ALJ

applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the administrative decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the parties briefs and the administrative record, the court finds and orders as follows.

1. Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28)(emphasis added).

At step-two in this matter, the ALJ properly found that Plaintiff had certain severe impairments, excluding impairments based on Plaintiff's alleged carpal tunnel syndrome, depression, and headaches. The ALJ relied on Dr Oh's exams and reports to find Plaintiff did not suffer from a severe impairment caused by carpal tunnel syndrome. Dr. Oh specifically excluded a diagnosis of carpal tunnel syndrome based on an EMG nerve conduction test. Accordingly, the ALJ did not find any severe impairment based

on carpal tunnel syndrome. Nonetheless, as further discussed below, the court notes the ALJ did include many of the Plaintiff's hand impairments in his RFC, which were addressed by the vocational expert's testimony.

Similarly, the ALJ's finding that Plaintiff's complaints of depression and headaches are not severe are properly supported. The ALJ discounted Plaintiff's credibility, discussed below, and he found her headaches were based primarily on her subjective complaints. The ALJ found no objective medical evidence in the record to support impairment based on headache. The ALJ relied on a cat scan performed in March 2003 that failed to reveal any cause for Plaintiff's headaches, and he also noted at that time Plaintiff's headaches were successfully being treated with a prescribed medication. With respect to depression, the ALJ accurately noted that Plaintiff had worked for several years after the onset of her depression in 1992, following a miscarriage, and that there was no evidence in the record indicating the symptoms of her depression had become worse in more recent years.

2. Regarding Plaintiff's subjective complaints, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff argues the ALJ ignored her testimony in regard to the intensity, persistence, and functionally limiting effects of symptoms, used her Activities of Daily Living to discredit her testimony, and failed to give proper weight to her subjective complaints. In his opinion, the ALJ stated that he did not find claimant's allegations fully credible, and he stated several reasons to support this conclusion. For

instance, the ALJ stated, "the minimal objective evidence does not support the claimant's allegations of extreme functional limitations. Additionally, the claimant's activities also contradict her extreme allegations." (Tr. 22). To support his reliance on minimal objective evidence, the ALJ relied on the opinions of Dr. Oh, Dr. Fife, Dr. Zoltani, and Dr. Camp. The ALJ cited to MRI and EMG nerve conduction tests and findings (Tr. 16-17, 20, 178, 196), and those medical opinions which support the ALJ's finding that she retains the capacity to perform work (see discussion below regarding Plaintiff's RFC). Moreover, the ALJ properly based his credibility finding on Plaintiff's activities. Plaintiff testified that she spent most of her day taking care of her family, including her 12 year old daughter (Tr. 18). She testified that she went to the grocery store twice weekly, walked the dogs at the beach, and walks with her daughter at the mall. (Tr. 18). Plaintiff stated she performed household chores, including laundry, picking up the house, and vacuuming. (Tr. 18-19). These activities, in conjunction with the ALJ's medical findings, properly support the the ALJ's conclusion that Plaintiff was not totally credible.

3. "[R]esidual functional capacity" is "the maximum degree to which the individual retains the capacity for sustained performance of the physical- mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis added). In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a). The regulations further specify: "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis." Id. at § 404.1545(b). Plaintiff argues the ALJ failed to properly assess Plaintiff's RFC.

Here, the ALJ concluded that Plaintiff was able to perform light work activity (Tr. 21), and relying on testimony of a vocational expert, he went on to further find that Plaintiff would be able to perform work as a call out operator, gate guard, and counter clerk/photo finisher (Tr. 25-26). The ALJ's findings are properly supported by substantial evidence.

The ALJ relied specifically on the opinions of Dr. Miller, a treating physician. Dr. Miller treated Plaintiff's complaints of pain and numbness in her right shoulder. She began seeing Dr. Miller in November 2001 and continued to see him through March 2003. In March 2002, Dr. Miller assigned plaintiff to light work, with lifting no more than 5 pounds and no overhead reaching. In July 2002,

Plaintiff underwent an arthroscopic surgery, followed with physical therapy. In November 2002, Dr. Miller concurred with an assessment that Plaintiff had a total impairment of only 3% of her right upper extremity. In March 2003, Dr. Miller did not think any further orthopedic treatment was necessary.

In further support of the RFC, the ALJ relied on the independent medical exams of Drs. Camp and Zoltani, in addition to Dr. Fife's records and opinion. The ALJ relied on the March 2004 physical assessment of the state agency medical consultant to conclude Plaintiff was capable of lifting and carrying 20 pounds occasionally, and 10 pounds frequently; stand and/or walk six hours in an eight hour workday; sit six hours in an eight hour workday; push and pull without limitations, except that Plaintiff was limited to occasionally reaching, handling, fingering, or feeling with the right upper extremity, left extremity unlimited; climb ramps or stairs occasionally, but never ladders, ropes, or scaffolds; balance and stoop occasionally, and kneel, crouch, and crawl occasionally.

In sum, the ALJ properly assessed Plaintiff's RFC, which is based on substantial evidence in the record, and the jobs identified by the vocational expert are within the realm of her capability to perform light work.

4. The Appeals Council is required to evaluate the entire record, including new relevant evidence, and shall review the ALJ's decision if the weight of the evidence is contrary to the ALJ's determination. 20 C.F.R. § 404.970(b). Remand for consideration of new evidence is warranted when there is a reasonable possibility that the new evidence will change the outcome of the ALJ's determination. Booz v. Secretary of Health & Human Services, 734 F.2d 1378 (9th Cir. 1984).

Plaintiff submitted additional evidence in the form of a vocational evaluation from John Fountaine to the Appeals Council. Plaintiff argues that the court should remand the matter to provide the ALJ the opportunity to consider this evidence. After reviewing the arguments, the undersigned is not persuaded by Plaintiff's assertion. The evidence submitted to the appeals council demonstrates that Mr. Fountaine considered Plaintiff's numerous subjective complaints, which were properly discredited as noted above, and impairments that the ALJ found to be not severe (Tr. 277-279). Accordingly, the evidence does not create a reasonable possibility that the ALJ would change his decision; and is not a reason to remand for further proceedings. Moreover, Mr. Fountaine's report is dated three years prior to the ALJ's decision in this case (Tr. 26, 277). Plaintiff does not explain why she could not have obtained

and submitted the report prior to the ALJ hearing or the issuing of his decision.

5. In conclusion, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this10th day of March, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge